IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LEON WEINGRAD,                                    Case No. 3:25-cv-01477-AP

            Plaintiff,                        **OPINION AND ORDER**

    v.

TICKET TAKEDOWN LLC,

            Defendant.

_____

POTTER, United States Magistrate Judge:

Plaintiff Leon Weingrad, on behalf of himself and all others similarly situated (Plaintiff) filed the instant motion for leave to commence classwide discovery on March 15, 2026. ECF No. 9. No opposition or responsive pleading was filed. For the reasons stated below, Plaintiff's motion to commence discovery is GRANTED.

## BACKGROUND

Plaintiff filed his class action complaint against Ticket Takedown, LLC (Defendant) on August 20, 2025, alleging violations of the Do-Not-Call provision of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(c)(5). Complaint (Compl.) ECF No. 1. According to the Complaint, Plaintiff "received at least 2 text messages from the Defendant's number" despite his number being on the DNC registry "for over a year prior" to receiving the text messages. Compl. ¶¶ 20, 27. He seeks to represent the following classes:

> **National DNC Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf

PAGE 1 – OPINION AND ORDER

of Defendant encouraging the purchase of goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Telemarketing Caller ID Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) or more telemarketing calls or text messages in a 12-month period, (3) without the transmission of caller identification information that included either CPN[1] or ANI[2] and the Defendant or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

Compl. ¶ 45.

Defendant failed to respond to Plaintiff's Complaint, and on November 4, 2025, Plaintiff filed a motion for an entry of default, and the Court entered the default on November 25. Pl.'s Mot. for Default, ECF No. 5; Entry of Default, ECF No. 6. In his Motion, Plaintiff stated he "intends to move for leave to conduct classwide discovery and seek a classwide default judgment as to Defendant." Pl.'s Mot. for Default 2. Thereafter, no action was taken and on March 4, 2026, this Court issued an Order to Show Cause as to why the case should not be dismissed for failure to prosecute. ECF No. 8.

On March 15, 2026, Plaintiff filed a response to the Court's Order and incorporated a Motion to Commence Discovery in his response. Pl.'s Mot. for Discovery, ECF No. 9. Plaintiff seeks "classwide calling records identifying who was called, and how many times, classwide text messaging records, as well as potential content of some or all calls" from Defendant as well as

---

[1] CPN (calling party number) "refers to the subscriber line number or the directory number contained in the calling party number parameter of the call set-up message associated with an interstate call on a Signaling System 7 network." 47 C.F.R. § 64.1600(e).

[2] ANI (automatic number identification) "refers to the delivery of the calling party's billing number by a local exchange carrier to any interconnecting carrier for billing or routing purposes, and to the subsequent delivery of such number to end users." 47 C.F.R. § 64.1600(b).

PAGE 2 – OPINION AND ORDER

"third-party companies and telephone providers" used by Defendant. Pl.'s Mot. for Discovery at 3. No response was filed in opposition to Plaintiff's Motion.

## DISCUSSION

Plaintiff moves for an order Pursuant to Rule 26(d)(1) to open discovery and "obtain at least 4 years' worth of calling records and other similar documentation from the Defendant's telephone providers, and any associated ancillary providers and data sources." Pl.'s Mot. for Discovery at 3. Plaintiff in his discovery request seeks information specifically to aid in a future motion for class certification as well as a potential classwide judgment. Pl.'s Mot. for Discovery at 2. Plaintiff stated that he and Defendant held an initial 26(f) conference, after which Defendant "has gone silent and elected to not respond to this litigation or the discovery propounded upon it." Pl.'s Mot. for Discovery at 4. Plaintiff "requests an Order from this Court where he will be permitted [to] commence third party discovery in the normal course, including for discovery [that] could identify putative class members, for a 120 day period." Pl.'s Mot. for Discovery at 4.

Under Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). To overcome the conferral limitations imposed by Rule 26(d)(1), a plaintiff must show good cause. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). A plaintiff can show good cause exists where the need for the requested discovery "outweighs the prejudice to the responding party." *Id*. Factors courts consider in determining whether good cause exists include "(1) the concreteness of plaintiff's showing of a prima facie claim of actionable harm; (2) the specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for subpoenaed information to advance the claim; and (5) defendant's expectation of

PAGE 3 – OPINION AND ORDER

privacy." *Strike 3 Holdings, LLC v. Doe*, No. 2:22-cv-0158 TLN CKD, 2022 WL 657932, *1 (E.D. Cal. Mar. 4, 2022).

Here, the five factors weigh in Plaintiff's favor. Plaintiff has stated a prima facie case for violations of the TCPA. Second, Plaintiff's request is sufficiently specific. Plaintiff seeks discovery to aid in both identifying potential class members and securing a classwide default judgment. Pl.'s Mot. for Discovery at 3. Plaintiff's request is limited to "4 years' worth of calling records" from "Defendant's telephone providers and any associated ancillary providers and data sources." Pl.'s Mot. for Discovery at 7. Plaintiff has been unable to obtain the necessary information through alternative means, as Defendant has failed to appear in this case beyond an initial 26(f) conference. Pl.'s Mot. for Discovery at 4. The information is necessary to advance the claim, as Plaintiff could not identify class members, notify class members, seek class certification, or provide reasonable calculation of damages without the information. Pl.'s Mot. for Discovery at 7-8. The fifth element of the good cause analysis is not applicable to this case; Defendant has already been identified negating the question of privacy. *See Dawood v. Sarl*, No. 2:22-CV-00896, 2024 WL 2747827, at *2 (E.D. Cal. May 29, 2024) (noting that the fifth element of the good cause analysis did not apply where the defendant had already been identified, because the fifth element of the analysis concerned a defendant's right to remain anonymous).

## CONCLUSION

Plaintiff's Motion to conduct third party discovery is GRANTED. Plaintiff has 120 days from the date of this order to complete his discovery requests. Plaintiff may request call records and related records from Defendant's telephone providers in order to identify the class members, move for class certification, and move for default judgment. Plaintiff must bear the costs of the

PAGE 4 – OPINION AND ORDER

discovery requests and ensure that subpoenas are reasonable and will not unduly burdensome on non-parties, pursuant to Fed. R. Civ. P. 46(d)(1).

DATED this 6th day of April, 2026.

/s/Amy E. Potter
AMY E. POTTER
United States Magistrate Judge

PAGE 5 – OPINION AND ORDER